USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA,                          :
                                                   :
       -against-                                   :   16-CR-82 (VEC)
                                                   :
EMANUEL FALCONER,                                  :   ORDER
                                                   :
                               Defendant.          :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on January 22, 2021, Mr. Falconer, acting through counsel, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), Dkt. 281;

WHEREAS on February 26, 2021, the Government opposed Mr. Falconer's Motion, and provided Mr. Falconer's Bureau of Prisons ("BOP") medical records (under seal) and his disciplinary and education records, Dkt. 287;

WHEREAS on March 12, 2021, Mr. Falconer replied in support of his Motion, Dkt. 292;

WHEREAS the Court also received letters of support from Kerry Murphy, Kelly Alescio, and Tashema Falconer, Dkt. 270;

WHEREAS Mr. Falconer has exhausted his administrative remedies as required by the statute, 18 U.S.C. § 3582(c)(1)(A), Dkt. 272;

WHEREAS Mr. Falconer's release date is currently March 24, 2022, Ex. A, Dkt. 283;

WHEREAS Mr. Falconer may be submitted for consideration for release to a halfway house on or about September 24, 2021, Dkt. 287 at 2; and

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing

factors set forth in 18 U.S.C. § 3553(a), *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020);

IT IS HEREBY ORDERED that Mr. Falconer's Motion for Compassionate Release is DENIED.  Mr. Falconer has not demonstrated the existence of an "extraordinary and compelling reason" to reduce his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  The Court is impressed with Mr. Falconer's rehabilitation in prison.  The Court is glad to learn that treatment for Mr. Falconer's mental health conditions seems to be working and that Mr. Falconer "has gained a staggering amount of insight, self-awareness and perspective."  Mem. of Law, Dkt. 283 at 5.  The Court is happy to see that Mr. Falconer has taken advantage of so many prison education programs, including GED classes.[1]  *See* Prison Educ. Record, Dkt. 287-2.  The Court was also moved by Mr. Falconer's letter, which demonstrates to the Court that Mr. Falconer has changed his perspective and is on the right path to rejoin society as a productive, law-abiding citizen.  *See* Letter, Ex. D, Dkt. 283.

But "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t); *see also Brooker*, 976 F.3d at 237–38.  To find otherwise would convert the process for obtaining compassionate release into a de facto parole process, through which defendants with good behavior are rewarded with sentence reductions.  The Bureau of Prisons already has rewarded Mr. Falconer's good behavior; assuming Mr. Falconer remains on this same path, he is set to be released on March 24, 2022, about a year before the completion of his 84-month sentence.

---

[1]  The Court was also glad to see that Mr. Falconer has not had any disciplinary infractions in the past three years.  *See* Prison Disciplinary Record, Dkt. 287-1.

None of the other reasons identified by Mr. Falconer rises to the level of "extraordinary and compelling." Mr. Falconer has not shown that he is at an increased risk of contracting COVID-19 at Allenwood USP, especially because he has recovered from a prior COVID-19 infection.[2] He does not report any preexisting conditions that could exacerbate a future course of infection, in the very remote likelihood that he were to be re-infected. Put another way, Mr. Falconer cannot show that a history of a high incidence of COVID-19 cases in his detention facility constitutes an exceptional circumstance warranting his release when all available evidence suggests that he is among those least at risk and has already contracted and recovered from the virus.

Moreover, at least one of the Section 3553 factors counsels against a reduction of sentence: the seriousness of the offense. As noted at Mr. Falconer's sentencing, the Court views the offense as extremely serious. Sentencing Tr., Dkt. 195 at 13. The Government and Defense counsel agree. *See* Mem. of Law, Dkt. 283 at 13–14; Gov. Resp., Dkt. 276 at 4. Mr. Falconer and his co-conspirators committed armed robberies of three armored trucks in broad daylight; they were lucky that no one got hurt. The seriousness of Mr. Falconer's offense is undeniable, and a reduction in his sentence to time served is unwarranted.

---

[2]   The Court recognizes that there is a small risk of future re-infection after recovery from COVID-19 and that some Courts have granted compassionate release motions from inmates following their recovery from the virus. *See* Mem. of Law, Dkt. 283 at 11–13. But, in most of those cases, the inmate in question suffered from co-morbidities that exacerbated the likelihood that any re-infection would be severe. *See, e.g.*, *United States v. Davis*, No. 06-cr-20020, 2020 WL 4049980 (C.D. Ill. July 20, 2020) (concerning an obese diabetic inmate); *United States v. Malufau*, 474 F. Supp. 3d 1106 (D. Haw. 2020) (same). Moreover, it cannot be denied that those who have recovered from COVID-19 are considerably less likely to be infected again. *See Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Apr. 10, 2021) ("Cases of reinfection with COVID-19 have been reported, but remain rare.").

Given Mr. Falconer's rehabilitation, sound reentry plan,[3] and considerable familial support, the Court encourages the BOP to release Mr. Falconer to a halfway house as soon as possible, pursuant to BOP regulations.

The Clerk of Court is respectfully directed to close the open motions at docket entries 193 and 281.

**SO ORDERED.**

**Date: April 13, 2021**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[3] The Court was impressed with the thought that Mr. Falconer put into his reentry plan and believes that it will help Mr. Falconer upon his release from prison. *See* Mem. of Law, Dkt. 283 at 14; Summary Reentry Plan, Ex. C, Dkt. 273.