```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :    PRELIMINARY ORDER OF
              - v. -                                              :    FORFEITURE AS TO
                                                                  :    SUBSTITUTE ASSETS
EMANUEL FALCONER,                                                 :
                                                                  :    S1 16 Cr. 82 (VEC)
                          Defendant.                              :
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/18/2022

WHEREAS, on or about February 11, 2016, EMANUEL FALCONER (the "Defendant"), was charged in a Superseding Indictment, S1 16 Cr. 82 (VEC) (the "Indictment"), with conspiracy to commit a Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count One); Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Counts Two through Four); and use and carrying of a firearm, which was discharged, in connection with crimes of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 2 (Count Five);

WHEREAS, on or about March 27, 2017, the Defendant pled guilty to Count One and a lesser-included charge of Count Five of the Indictment;

WHEREAS, on or about July 25, 2017, the Court entered an Amended Consent Preliminary Order of Forfeiture imposing a money judgment against the Defendant in the amount of $49,887 (the "Money Judgment") representing any property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Indictment (D.E. 194), for which the Defendant is jointly and severally liable with co-conspirators Michael

1

Santiago, Kenneth Smith, Stephen Smith and Christopher White (the "Co-defendants") to the extent forfeiture money judgments were entered against the Co-defendants in this case;

WHEREAS, to date, the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest:

    a. $4,822.00 in United States currency in United States currency seized from the Defendant at the time of his arrest in Norwalk, Connecticut

(the "Substitute Asset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Asset.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       July 18      , 2022

SO ORDERED:

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE